CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq. SBN 289900
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, <br><br>         Plaintiff, <br><br>   v. <br><br> **Midway Rent A Car, Inc.,** a California Corporation; and Does 1-10, <br><br>         Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Andres Gomez ("Plaintiff") complains of Midway Rent A Car, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff uses JAWS to access the internet and consume website content using his computer, as well as Talkback or similar software to navigate websites and applications on

Complaint

mobile devices. Plaintiff is legally blind[1] and cannot use a computer without assistance of screen-reader software ("SRS")

2. Defendant Midway Rent A Car, Inc. owned or operated the Midway Rent a Car ("Car Rental") located at or about 2612 N. Hollywood Way, Burbank, California; 8931 Wilshire Blvd., Beverly Hills, California; 3737 Beverly Blvd. Los Angeles, California; 4201 Lankershim Blvd., North Hollywood; 1218 S. Figueroa Street, Los Angeles, California; 6151 W. Century Blvd., Los Angeles, California; 1800 S. Sepulveda Blvd., Los Angeles, California; and 1901 Ocean Ave. Santa Monica, California in July 2020.

3. Defendant Midway Rent A Car, Inc. owns and/or operates the Car Rental located at or about 2612 N. Hollywood Way, Burbank, California; 8931 Wilshire Blvd., Beverly Hills, California; 3737 Beverly Blvd. Los Angeles, California; 4201 Lankershim Blvd., North Hollywood; 1218 S. Figueroa Street, Los Angeles, California; 6151 W. Century Blvd., Los Angeles, California; 1800 S. Sepulveda Blvd., Los Angeles, California; and 1901 Ocean Ave. Santa Monica, California currently.

4. Defendant Midway Rent A Car, Inc. owned or operated the Car Rental's website in July 2020.

5. Defendant Midway Rent A Car, Inc. owns or operates the Car Rental's website currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.

---

[1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to refer to individuals, including himself, who meet the legal definition of blindness. (visual acuity of 20/200 or worse.) Some individuals who meet these criteria have no vision, others have limited vision.

Complaint

1  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

8.   This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Plaintiff is a resident of the District and Defendant is subject to personal jurisdiction in this District due to its business contacts with the District, and a substantial portion of the complained of conduct occurred in this District.

**FACTUAL ALLEGATIONS:**

10. Plaintiff is a legally blind person and a member of a protected class under the ADA. Plaintiff is proficient with and uses SRS to access the internet and read internet content on computers and mobile devices.

11. Plaintiff cannot use a computer without the assistance of screen reader software. ("SRS").

12. The Car Rental is a series of "brick and mortar" facilities in Los Angeles

County, California open to the public, a place of public accommodation, and a business establishment.

13. The Car Rental offers websites and digital booking as some of the facilities, privileges, and advantages offered by Defendants to patrons of the Car Rental in connection with their patronage at the Car Rental[2].

14. Among the services offered include: details about vehicles and the Car Rental itself, location and contact information, information about rates and availability and offers the ability to quickly book a car without any ambiguity as to the amenities that would be available to the patron.

15. Plaintiff was a prospective customer who wished to access Defendant's goods and services and rent a car.

16. Plaintiff visited the Car Rental's website in July 2020 with the intent to check out the vehicle rental prices, Car Rental information, special offers and promotions and rent a car.

17. When Plaintiff attempted to navigate the Car Rental's website Plaintiff encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS. Investigation into his experience revealed barriers, including, but not limited to:

  a. Lack of a button/link/function to adjust the website format to one that is fully readable by SRS and/or to adjust the font.
  b. Numerous images on the website lack a text equivalent readable by SRS.
  c. The website contains empty buttons, empty headings and empty links, impeding SRS navigation.
  d. Some form controls do not have a corresponding label.

---

[2] This website could be accessed at: https://www.midwaycarrental.com/ as of July 2020

4

Complaint

  e. The visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements.

18. These inaccessible elements rendered the ostensibly "accessible" elements inaccessible as a result of difficulty and confusion navigating the numerous inaccessible elements.

19. Currently, the defendants either fail to provide an accessible website or defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

20. Despite multiple attempts to access midwaycarrental.com using his computer and mobile device, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers on midwaycarrental.com.

21. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

22. By failing to provide an accessible website, the defendants denied the plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

23. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

24. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

25. If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and rent a car.

26. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Car Rental's website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that

Complaint

the Car Rental, its website, and its facilities are accessible.

27. Plaintiff is currently deterred from doing so because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

28. The barriers identified above violate easily accessible, well-established industry standard guidelines for making websites accessible to people with visual-impairments that use SRS to access websites. Given the prevalence of websites that have implemented these standards and created accessible websites, it is readily achievable to construct an accessible website without undue burden on the Car Rental or a fundamental alteration of the purpose of the website.

29. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

30. It's been established that failure to remove these inaccessible conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the plaintiff.

31. The website was intentionally designed, and based on information and belief, it is the Defendants', policy and practice to deny Plaintiff access to the Car Rental's website, and as a result, deny the goods and services that are otherwise available to patrons of the Car Rental.

32. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Defendant's Car Rental and the various goods, services, privileges, opportunities and benefits offered to the public by the Car Rental.

33. Given the nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and

barriers on the website, and/or at the Car Rental, that relate to his disability. Plaintiff intends to seek removal of all barriers on the website and at Car Rental that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

34. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

35. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Car Rental is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181.

36. The website provided by the Car Rental is a service, privilege or advantage of the Car Rental's brick and mortar facility.

37. When a business provides services such as a website, it must provide an accessible website.

38. Here, an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

39. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

40. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

41. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

43. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

44. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

Complaint

45. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

46. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites are fully accessible to and independently usable by blind and visually-impaired individuals.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violation the ADA with respect to its website.

3. Damages under the Unruh Civil Rights Act § 51[3], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

---

[3] Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

Dated: July 30, 2020              CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for Plaintiff

Complaint